FILED
United States Court of Appeals
Tenth Circuit

November 29, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRAVIS W. GIBSON,

        Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

        Respondents - Appellees.

No. 07-5060

N. D. Okla.

(D.C. No. 03-CV-405-CVE-PJC)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In a thorough opinion and order the district court dismissed Travis Gibson's 28 U.S.C. § 2254 petition for habeas corpus because his claims were procedurally defaulted. Gibson failed to exhaust his state remedies in that he did

not appeal from his felony conviction, entered based upon his Alford plea,[1] to the Oklahoma Court of Criminal Appeals (OCCA).  The district court chose not to dismiss the unexhausted claims because to do so would be futile since the claims were procedurally barred under Oklahoma law (failure to take a direct appeal or failure to raise an issue in a direct appeal bars collateral review of the issue).[2] The court afforded Gibson an opportunity to overcome the procedural bar by showing cause (external factors impeded his ability to comply with state procedural rules) and prejudice (actual prejudice resulting from the error about which he complains) or a fundamental miscarriage of justice (actual innocence).

Gibson responded with a claim of actual innocence based upon an argument that Oklahoma law was misinterpreted or misapplied.  The district court appropriately dealt with that claim, concluding his argument confused factual innocence (which he was required to, but did not, demonstrate) with legal innocence (which is insufficient).  The specifics of his claims and arguments are well set out by the district court and will not be repeated here.  After dismissing Gibson's habeas petition the district court denied his request for a certificate of appealability (COA).  He has repeated his request for a COA to this Court.  We

---

[1] "An 'Alford" plea, named after the Supreme Court's decision in *North Carolina v. Alford*, is a plea denominated as a guilty plea but accompanied by protestations of innocence." *United States v. Buonocore*, 416 F.3d 1124, 1128 n.2 (10th Cir. 2005).

[2] The defendant also filed two post-conviction petitions in the state trial court, which were denied.  He did not appeal either adverse ruling to the OCCA.

also deny the request.

The district court's dismissal was clearly, concisely and correctly stated. Jurists of reason would not disagree with the result. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).

We **DENY** Gibson's request for COA and **DISMISS** his putative appeal.

FOR THE COURT:

Terrence L. O'Brien
United States Circuit Judge